## SIMPSON TIMBER COMPANY *v.* STATE TAX COMMISSION

Mr. Jack B. Schwartz, Portland, Oregon, argued the demurrer and submitted a brief for plaintiff.

Mr. John Mull, Assistant Attorney General, argued the demurrer and submitted a brief for defendant.

Demurrer overruled August 4, 1966.

EDWARD H. HOWELL, Judge.

The plaintiff filed this suit for a declaratory judgment and to enjoin the defendant from collecting certain excise taxes allegedly owed by plaintiff.

The defendant has demurred to plaintiff's complaint on the grounds of lack of jurisdiction in the Tax

Court and on the further grounds that the complaint fails to state a cause of suit.

The parties have agreed that the issue of jurisdiction of the Tax Court should be determined first.

The main thrust of defendant's argument in support of the demurrer is that the plaintiff cannot file a declaratory judgment suit in the Tax Court without exhausting its administrative remedies before the tax commission. The plaintiff, for reasons hereinafter mentioned, has not been before the tax commission either on an appeal from a deficiency assessment (ORS 314.405 and ORS 314.455) or requested a declaratory ruling from the defendant commission under ORS 305.105 allowing for such procedure.

■ As a general rule those who seek judicial relief must show that they have exhausted their administrative remedies. *Oregon City v. Hartke et al,* 240 Or 35, 44, 400 P2d 255 (1965).

It is not necessary in this opinion to decide whether this court in tax cases has original jurisdiction in declaratory judgments under Chapter 28 of the Oregon Revised Statutes because of the allegations in the complaint. It is hornbook law that a demurrer admits those allegations of the complaint that have been well pleaded.

The complaint alleges:

"VIII

"Plaintiff has informed defendant of its contentions of law in this matter, and defendant has controverted each of said contentions. Defendant has failed and refused to issue a notice of proposed assessment or a notice of assessment of the amount it claims is due and owing it as herein alleged. Plaintiff is thus prevented from seeking administrative relief as provided by ORS 314.405 and ORS

314.455 and has no plain, speedy, or adequate method of seeking a determination of its rights other than the bringing of this action. Additionally, defendant has declared its intent to issue warrants directing the sale of property of plaintiff within the State of Oregon to collect the amount it claims is due it in accordance with ORS 314.430 and has refrained from doing so only by reason of plaintiff having agreed to bring a proceeding in a court of competent jurisdiction on or before April 2, 1966, contesting defendant's claim of taxes owing; to keep said proceeding pending at all times; to pay the liability for the claim, if any, as finally determined by such court, including such interest, costs, and penalties as may be adjudged; and to post a surety bond securing performance of said agreement."

■ These allegations, admitted by the defendant's demurrer, clearly show that plaintiff had no administrative remedy to exhaust before coming to the Tax Court. According to the complaint the parties agreed to the bringing of a suit in a court of competent jurisdiction (in this case only the Tax Court) and posted a surety bond to guarantee payment of any claim decided against plaintiff. For the plaintiff to do anything different would be a violation of the agreement and possibly subject the plaintiff to an action on the surety bond.

The defendant's demurrer is overruled.

## ON THE MERITS

Mr. Jack B. Schwartz, Portland, Oregon, submitted a brief on behalf of plaintiff.

Mr. John C. Mull, Assistant Attorney General, Salem, Oregon, submitted a brief on behalf of defendant.

Decision for defendant rendered March 14, 1967.

EDWARD H. HOWELL, Judge.

The facts have been stipulated.

M & M Woodworking Company, an Oregon corporation, (hereinafter referred to as M & M) paid

certain personal property assessments during its excise tax periods which ended on February 28, 1955, March 3, 1956 and August 17, 1956. The personal property taxes, which were paid under protest, were used by M & M as an offset in computing its corporation excise taxes in accordance with ORS 317.085 then in effect.

Litigation concerning the validity of the personal property taxes followed and a refund of $41,933.25 was received in 1962 for the excise tax period ending February 28, 1955; a refund of $21,933.82 was received in 1962 for the period ending March 3, 1956, and $48,269.41 was refunded in 1959 for the period ending August 17, 1956.

On or about August 17, 1956, Simpson Redwood Company, the predecessor of the plaintiff herein, completed a transaction resulting in the purchase of the assets of M & M. The latter was dissolved on May 1, 1957. As part of the purchase agreement Simpson Redwood agreed to "assume and pay all liabilities of M & M existing on the closing date, [August 17, 1956] whether current, fixed, contingent or other."

On May 6, 1963, Simpson Redwood was merged with Simpson Timber Company, the plaintiff herein.

In February, 1963, after the personal property tax refunds had been received, the defendant commission informed Simpson Redwood that it owed additional corporation excise taxes for the years ending February 28, 1955, March 3, 1956 and August 17, 1956, because of the refund of the personal property taxes which had previously been used by M & M as an offset in computing its corporate excise taxes.

The defendant did not issue notices of proposed assessment or notices of deficiency assessment (ORS

314.405) but instead advised plaintiff that it intended to issue warrants for the collection of the additional excise taxes. Plaintiff then filed this suit in the Tax Court for a declaratory judgment declaring the rights of the parties.

The plaintiff contends that the defendant is prevented from collecting the additional excise taxes by the three-year statute of limitations contained in ORS 314.410.

The defendant counters with the argument that the Oregon Supreme Court in *Warm Sprgs. Lbr. Co. v. Tax Com.,* 217 Or 219, 342 P2d 143 (1959), held that the statute of limitations did not apply to cases involving personal property tax offsets.

In that case the tax commission in 1956 and 1957 issued notices of deficiency assessments arising out of personal property tax offsets taken by plaintiff against its excise taxes during 1947 to 1953. The plaintiff contended that the assessments for the years 1947 to 1951, inclusive, were barred by the three-year statute of limitations then found in ORS 317.410 which at that time stated in part:

> "(1) If the commission discovers from the audit of the return or otherwise that any *portion of the income of any taxpayer has not been assessed, it may, at any time within three years after the return was filed, compute the tax and give notice to the taxpayer of the amount due, including penalty and interest thereon.* * * *" (Emphasis supplied.)

The tax commission contended and the court agreed that the three-year limitation was applicable to the taxation of omitted income. Did the disallowance of a personal property tax offset and consequent increase in excise tax liability constitute an assessment against the taxpayer's income within the meaning of

the statute? The court held it did not. The plaintiff's income was not involved for it had been correctly reported on the return. The issue involved an erroneous offset against a proper tax. The court emphasized that the statute of limitations did not apply because the *"income* of any taxpayer" had not been assessed under the terms of the statute.

The decision in *Warm Springs* would be controlling in this case if it were not for the fact that the legislature amended the statute in 1959 (Or L 1959, ch 212) and eliminated the reference to "income" which has not been assessed and substituted "a deficiency exists." The pertinent parts of the statute, ORS 314.405, now reads:

> "(1) * * * If the commission discovers from the audit of a return or otherwise that *a deficiency exists,* it shall compute the tax and give notice to the taxpayer of its proposal to assess the deficiency, * * *." (Emphasis supplied.)

Other references to "deficiency" appear in subsections (2), (3), (4) and (5)(a).

The plaintiff argues that the decision in *Warm Springs* is no longer applicable because we are now dealing with a "deficiency" when the tax commission seeks the recovery of additional excise taxes and the three-year statute of limitations applies.

There is substantial merit to plaintiff's position. Also, the tax commission admits that the 1959 amendments created some ambiguities in the statute when it is related to the *Warm Springs* decision. The amendments were contained in Senate Bill 48, which was introduced at the request of the State Tax Commission. The legislative minutes indicate that counsel for the commission testified before the Senate Taxation

Committee that the amendments were intended to clarify, but not to change, the statute.

■ The 1959 amendments became effective on August 5, 1959. *Warm Springs* was decided by the Supreme Court on July 15, 1959.

To hold that the 1959 amendments changed the law enunciated in *Warm Springs* requires a finding that the legislature inadvertently and unintentionally enacted a statute of limitations applying to personal property tax offsets where none existed previously. To do so would require the court to believe that the tax commission, at the same time it was arguing in the Supreme Court in *Warm Springs* that the three-year statute of limitations did not apply, was requesting the legislature to enact a statute of limitations merely by substituting "deficiency" for "income." The court found in *Warm Springs* that statutes of limitations are strictly construed in favor of the government. If the legislature in 1959 had intended to adopt a statute of limitations applying to personal property tax offsets, it could have used language similar to the 1965 amendment to ORS 314.405 when the statute of limitations in ORS 314.410 was clearly and specifically made to apply to personal property tax offsets.[1]

The next issue is whether plaintiff Simpson Timber

---

[1] ORS 314.405(8)(d):

"(8) Additional assessments and deficiency assessments with respect to any tax return shall be made pursuant to this section, and not otherwise, within the time limits prescribed by ORS 314.410, including but not limited to the assertion of additional tax arising from:

"* * * * *

"(d) Improper credits or offsets against the tax claimed in the return pursuant to ORS 316.455 (blind, old age and dependency), ORS 316.475 (taxes paid to another state or country), or *ORS 317.070 (personal property tax offset)*." (Emphasis supplied.)

Company is liable for the excise taxes as a transferee of M & M under ORS 314.310(1) which reads in part:

"(1) When a taxpayer ceases to exist or is no longer subject to the jurisdiction of this state * * * being indebted for taxes upon or measured by net income, the transferee of the money or property of the taxpayer shall be liable for any such tax or deficiency in tax, including penalties and interest, imposed by law on the taxpayer and accruing or accrued upon the date of the transfer, * * *."

Simpson Redwood acquired all the assets of M & M on August 17, 1956, and agreed to assume and pay all "liabilities of M & M existing on the closing date, whether current, fixed, contingent or others." M & M was dissolved on May 1, 1957 and the personal property tax refunds were received in 1959 and 1962.

The plaintiff argues that at the time M & M ceased to exist on May 1, 1957, it was not "indebted for taxes upon or measured by net income" under the statute because the liability of M & M, if any, did not arise until the personal property tax refunds were received in 1959 and 1962.

The tax commission contends that when M & M ceased to exist it was indebted for taxes to the extent that its liability was contingent. The original payment of the taxes had failed to the extent that the claimed offset was rendered ineffective by the eventual refund of the personal property taxes which had been claimed as an offset against the excise taxes.

■ Paraphrasing ORS 314.310(1) above, it states that when a taxpayer ceases to exist and is indebted for taxes *accruing* or *accrued,* the transferee shall be liable for such tax. The phrase in the statute "being indebted for taxes upon or measured by net income" does nothing more than establish that the section ap-

plies to excise or corporate income taxes. The determining factor is the liability for taxes "accruing or accrued."

■■ In *U. S. v. Consolidated Edison Co.*, 366 US 380, 81 S Ct 1326, 6 L ed2d 356, 7 AFTR2d 1451, 61-1 USTC ¶ 9462 (1961), the court was confronted with the question of whether real property taxes paid under protest constituted a payment in the year of remittance or whether such payment accrued in the year the amount of tax was finally adjudicated. The court found that the deduction of the tax must await the event of the litigation and was deductible in the year in which its liability was adjudicated. The court stated:

"* * * As correctly observed by the Court of Appeals, 'A payment may constitute a capital expenditure, an exchange of assets, a prepaid expense, *a deposit,* or a current expense,' and '[w]hen the exact nature of the payment is not immediately ascertainable because it depends on some future event, such as the outcome of litigation, its treatment for income tax purposes must await that event.' 279 F2d, at 156. (Emphasis added.)"

The personal property taxes paid by M & M were also paid under protest. M & M's liability for the taxes was *accruing* on the date of the transfer. The actual amount of tax owed was not determined until it was finally adjudicated. Simpson Redwood Company and Simpson Timber are liable as transferees under ORS 314.310.

The plaintiff also contends that there is no statutory authority for the tax commission to recover the additional excise taxes resulting from the refund of the personal property taxes. The decision that the three-year statute of limitations in ORS 314.410(1) does not apply and that the plaintiff is liable as the

transferee of M & M answers the plaintiff's contention that the tax commission has no statutory authority to recover the additional excise taxes. The taxable years involved remain open and the correction takes effect under the statutes in effect for those years. For the years involved, M & M was liable for additional excise taxes which were not paid because of the deduction taken by M & M while it was contesting the validity of the personal property assessment. Plaintiff assumed that liability as a transferee, (ORS 314.310 (1)), and is liable for the additional excise taxes.

The order of the tax commission is affirmed.

No costs.